UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                                           :

In re Application of                                                  :

EVENSTAR MASTER FUND SPC for and on   :   Civ. Action No. _____
behalf of                                                              :
EVENSTAR MASTER SUB-FUND I                 :
SEGREGATED PORTFOLIO; and EVENSTAR :
SPECIAL SITUATIONS LIMITED              :
                                                                      :

For an Order to Take Discovery Pursuant to 28   :
U.S.C. § 1782 for Use in a Foreign Proceeding   :
------------------------------------------------------------ x

## DECLARATION OF FLEUR ELIZABETH O'DRISCOLL

        I, Fleur Elizabeth O'Driscoll, under penalty of perjury, hereby declare as follows:

**A.**    **Background**

        1.    I am an Attorney-at-Law of the Grand Court of the Cayman Islands (generally admitted for the first time on May 12, 2011 and, following a period living outside the jurisdiction, generally admitted for a second time on August 8, 2019), having originally been admitted in Ireland on April 2, 2008 as a solicitor. I currently practice exclusively as an Attorney-at-Law of the Cayman Islands. I am also admitted in the British Virgin Islands (currently non-practising) and in England and Wales, and New York, although I have not practiced in those latter two jurisdictions.

        2.    I am a senior associate in the firm of Forbes Hare. I make this Declaration at the request of Skadden, Arps, Slate, Meagher & Flom LLP, New York counsel to Evenstar Master Fund SPC for and on behalf of Evenstar Master Sub-Fund I Segregated Portfolio ("Evenstar MSFISP") and Evenstar Special Situations Limited ("Evenstar SSL" and together with Evenstar

MSFISP, "Evenstar") in relation to Evenstar's application for an order permitting discovery for use in proceedings brought by Evenstar in the Cayman Islands.

3. This Declaration describes a Winding Up Petition that Evenstar presented on November 12, 2020 in the Grand Court of the Cayman Islands, entitled *Evenstar Master Sub-Fund I Segregated Portfolio et al. v. Mo et al.*, Cause No. FSD 278 of 2020(ASCJ) (the "Fang J&E Winding Up Proceeding"). This proceeding concerns Fang Holdings Limited ("Fang"), an exempted company with limited liability under the laws of the Cayman Islands. Exhibit 1 hereto is a true copy of the original Petition filed in the Fang J&E Winding Up Proceeding on November 12, 2020 and Exhibit 2 hereto is a copy of the Amended Petition filed on November 16, 2020, as described further below in paragraph ("Cayman Amended Petition"). Exhibit 3 hereto is a copy of the Summons for Directions also filed therein.

4. I am one of the attorneys acting for Evenstar in the Fang J&E Winding Up Proceeding. As such, I describe allegations that Evenstar has made in those proceedings and a related prior action, and, for the benefit of this Court, explain the general legal and procedural framework in which Evenstar's litigation has been brought in the Cayman Islands. For the avoidance of doubt, however, I am not testifying as an independent expert, nor do I discuss in this Declaration any legal advice my firm has given to Evenstar (which remains privileged), or any work product connected with the litigation (which also remains privileged).

**B.     Overview of Parties and Legal Proceedings with Respect to Fang**

    **1.     Relevant Parties, Affiliates and Individuals**

5. As noted in paragraph 1 of the Cayman Amended Petition, Evenstar MSFISP, is an exempted segregated portfolio company incorporated under the Cayman Islands. Evenstar SSL is

2

a limited liability company also incorporated under the laws of the Cayman Islands. Both entities are headquartered in Hong Kong.

6. Fang, as noted above, is an exempted company with limited liability under the law of the Cayman Islands. Fang's public statements all indicate that its headquarters are in Beijing, the People's Republic of China. Fang's shares trade on the New York Stock Exchange via "American Depositary Shares," or "ADSs." As such, Fang makes periodic filings with the United States Securities and Exchange Commission. These matters are described in paragraphs 8 to 11 of the Cayman Amended Petition. Fang is the Second Respondent in the Fang J&E Winding Up Proceeding.

7. Fang's public filings identify its Executive Chairman and CEO, and largest shareholder with majority voting power via various related parties, as Mr. Vincent Tianquan Mo. Fang's SEC filings indicate that Mr. Mo and/or companies owned by him or his family controls over 70 % of voting interests in Fang. These matters are described in paragraph 15 of the Cayman Amended Petition. Mr. Mo is named as the First Respondent in the Fang J&E Winding Up Proceeding.

  **2.**  **Fang's Position (and Its Prior ADS Conversion Lawsuit)**

8. Since May 7, 2020, each of Evenstar MSFISP and Evenstar SSL have separately held fifty (50) Class A Ordinary Shares in Fang (one hundred (100) Class A Ordinary Shares in total). Prior to that date, these equity interests were held in the form of ADSs. Today, Evenstar MSFISP retains substantial holdings in Fang in the form of ADSs though Evenstar MSFISP has taken steps to convert the balance of its ADS into Class A Ordinary Shares and the conversion in

3

question is currently being processed. These matters are described in paragraphs 4 to 5 of the Cayman Amended Petition.

9. The ordinary shares now held by Evenstar were converted into shares in accordance with the Deposit Agreement (as amended) governing the ADSs, which gives each ADS holder the right, upon demand, to freely convert their ADSs. Evenstar were entitled to convert 100 ADS into an equivalent number of ordinary shares in Fang. Since then, the ratio of Fang ADS to Fang Class A Ordinary Shares has altered with the result that one Fang ADS now equals 10 Fang Class A Ordinary Shares. The process of converting the ADSs into shares, however, was not straightforward, because Fang's management failed to facilitate the transfer. As a result and in order to give effect to its contractual rights, Evenstar was obliged to file a rectification proceeding in the Grand Court of the Cayman Islands (the "Fang Rectification Proceedings") for an order that the conversion be effected forthwith and that Fang's share register be retrospectively rectified to reflect that position as at May 7, 2020.

10. Exhibit 4 hereto is the July 15, 2020 affidavit filed for Evenstar by Mr. Kenneth Kwun Chung Leung in the Fang Rectification Proceedings (without its exhibits). Mr. Leung's affidavit describes Evenstar's attempts at conversion, and the lack of co-operation which this process met. Mr. Leung's evidence was uncontradicted, as Fang did not file an opposition to the Fang Rectification Proceedings nor did it instruct attorneys to attend on its behalf at the substantive hearing of the Rectification Proceedings held on August 7, 2020. Exhibit 5 hereto is the August 10, 2020 order of Chief Justice Smellie of the Grand Court of the Cayman Islands, granting the rectification relief.

### 3. The Current Just And Equitable Winding Up Petition Brought by Evenstar in the Cayman Grand Court

11. As noted above, on November 12, 2020 Evenstar presented the originating Petition in the Fang J&E Winding Up Proceeding. The original Petition was issued by affixing the Court seal on November 13, 2020 and with minor amendments (as indicated in redline), the Cayman Amended Petition was re-filed with the Court on November 16, 2020.

12. The Cayman Amended Petition has been served by hand on Fang at its registered office in the Cayman Islands. As regards Mr. Mo, my firm has written to him, on behalf of Evenstar, furnishing him with a copy of the Amended Cayman petition and Summons for Directions, and invited him to accept service voluntarily. Should Mr. Mo decline to accept service voluntarily, our firm, on behalf of Evenstar, will apply to the Court for an order in respect of substituted service, on the basis that service via Hague convention channels would be wholly impractical in the circumstances.

13. The Summons for Directions (Exhibit 3 hereto) is listed for hearing on December 4, 2020. Both Fang and Mr. Mo has the right to instruct Cayman Islands attorneys to appear in the case, including at the directions hearing, to represent their respective interests.

14. Pursuant to the Summons for Directions, Evenstar is seeking that the Court make initial procedural directions for conducting the case with the timetable for evidence being set at a later date, including the provision for disclosure, the receipt of evidence and an evidentiary hearing.

### C. The General Scope and Nature of the Issues Presented by the Fang J&E Winding Up Proceeding

#### 1. The Legal Basis for the Winding Up Proceeding

15. The Cayman Islands courts have the power to hear and determine "winding up" petitions brought in respect of companies incorporated in the Cayman Islands. Section 94 of the Companies Law (2020 Revision) (Cayman Islands) states that "[a] company may be wound up" by the Grand Court of the Cayman Islands if, among other things, "the Court is of opinion that it is just and equitable that the company should be wound up." In addition, section 95(3) to (5) of the Companies Act provides that, "[i]f the petition is presented by members of the company as contributories on the ground that it is just and equitable that the company should be wound up," the Court has power to grant various forms of relief "as an alternative to a winding-up order, namely,"

    (a)    An order regulating the conduct of the company's affairs in the future;

    (b)    An order requiring the company to refrain from doing or continuing an act complained of by the petitioner or to do an act which the petitioner has complained it has omitted to do;

    (c)    An order authorising civil proceedings to be brought in the name and on behalf of the company by the petitioner on such terms as the Court may direct; or

    (d)    An order providing for the purchase of the shares of any members of the company by other members or by the company itself and, in the case of a purchase by the company itself, a reduction of the company's capital accordingly."[1]

16. Section 94(1) of the Companies Act requires that a winding up petition may be brought, among other persons, by a "contributory." As shown in paragraph 4 of the Cayman

---

[1] A true copy of the relevant sections of the Companies Law (2020 Revision), as currently in force, appears as Exhibit 6 hereto.

Amended Petition, Evenstar has pled that they satisfy this definition by virtue of their holding ordinary shares in Fang.

17. The Companies Law does not specify any minimum percentage shareholding that must be held in a company in order to present a winding-up petition. Notably, Section 94(3)(b) states that a contributory may only bring proceedings for winding-up if they were "originally allotted to that person, or have been held by that person, and registered in that person's name for a period of at least six months immediately preceding the presentation of the winding up petition."

18. As shown in the Cayman Amended Petition, Petitioners have satisfied this rule because their shares were registered since May 7, 2020 with the six month minimum registration period being satisfied on Tuesday, November 10, 2020.[2] Had the conversion occurred at an earlier date (*e.g.*, if Fang's management had honoured the 2019 conversion request), it would have been open to Evenstar to commence a winding up proceeding prior to November 10, 2020, to the extent that the facts as pleaded in the current winding up proceeding had occurred (or were occurring) at or by that earlier date.

### 2. Matters Which Can be Taken Into Consideration by a Cayman Islands Court

19. Just and equitable winding up petitions are heard by the Financial Services Division of the Grand Court of the Cayman Islands, the court of first instance with jurisdiction in the Cayman Islands in respect of complex commercial matters. When seized of a just and equitable winding up petition, the Grand Court possesses a broad range of powers, and may consider a broad range of matters when determining what relief to grant (if any). The Cayman Islands legal system

---

[2] Monday, November 9, 2020 was a public holiday in the Cayman Islands.

is derived from the English law common law. Where there are no binding Cayman Islands decisions in respect of any point of law or matter in issue, then decisions of other common law jurisdictions, particularly the decisions of the English Courts, will be viewed as highly persuasive. In this regard, the English Courts have held that it is "wrong" to "create categories or headings under which" relief may be sought in a just and equitable winding up petition and this approach has been followed in the Cayman Islands also.[3] It thus has been said that "[i]llustrations may be used but general words should remain general and not be reduced to the sum of particular instances."[4]

20. Moreover, where the petitioner is a shareholder, the petition is not "confined to such circumstances as affect him in his capacity as shareholder;" instead, the petition may "rely upon any circumstances of justice or equity which affect him in his relations with the company" or other shareholders.[5]

21. When presented with a petition for the winding up of a company on just and equitable grounds, courts may grant relief upon a showing that incumbent management lack probity, such as to lead to a lack of confidence in those who control the company.[6] Among the allegations that have supported such claims in prior cases are: (i) misuse of company funds;[7] (ii)

---

[3] *Re Indies Suites Ltd.* [2004-05] C.I.L.R. 498, 514 (Cayman Grand Ct. Aug. 5, 2005) (Exhibit 7 hereto) (quoting *Ebrahimi v Westbourne Galleries* [1973] A.C. 374, 375 (U.K. House of Lords) (Lord Wilberforce)); *see also Re Fortune Nest Corp*, Unreported Judgment at 22 (Cayman Grand Ct. Feb. 5, 2013) (similar holding) (Exhibit 8 hereto).

[4] *Re Indies Suites* [2004-05] C.I.L.R. at 514 (Exhibit 7 hereto) (quoting *Ebrahimi* [1973] A.C. at 375 (Lord Wilberforce)).

[5] *Id.*

[6] *See, generally, Fortune Nest* at 27 (Exhibit 8 hereto).

[7] *Id..*

improper manipulation of corporate procedures to dilute existing shareholders;[8] and that management has become "dysfunctional" in this sense being no longer capable of properly managing the business (as may be evidenced, for example, in failure to produce reliable reports regarding the status of the company's assets).[9]

22. In addition, relief can be granted upon a showing of "oppression," said to occur when "a person with predominating voting power" has "employed that power to the "detriment of a helpless minority."[10] Relief has been said to be appropriate where "there has been at least an unfair abuse of powers and an impairment of confidence in the probity with which the company's affairs are being conducted."[11]

23. Furthermore, Cayman Islands authorities are clear that the "need for an investigation into the affairs of a company can constitute a freestanding basis for making a winding up order on the just and equitable ground."[12]

24. It can be seen that the Petition alleges misconduct by management, misuse of company funds, unfair treatment of minorities and the need for an investigation into the company's affairs, among other grounds.

---

[8] *Re Acorn Int'l, Inc.*, Unreported Judgment ¶ 54 (Cayman Grand Ct. Mar. 6, 2015) (Exhibit 9 hereto).

[9] *Re Cybernaut Growth Fund, L.P.*, Unreported Judgment ¶ 16 (Cayman Grand Ct. Sept. 12, 2013) (Exhibit 10 hereto).

[10] *Re Washington Special Opportunity Fund, Inc*, Unreported Judgment ¶ 94 (Cayman Grand Ct. Mar. 1, 2016) (citation omitted)) (Exhibit 11 hereto).

[11] *Id.*

[12] *Re ICP Strategic Credit Income Fund*, Unreported Judgment ¶ 8 (Cayman Grand Court Aug. 10, 2010) (Exhibit 12 hereto); *see also Re Paradigm Holdings Ltd.* [2004-05] C.I.L.R. 542 ¶ 35 (Exhibit 13 hereto); *Re Diversified Settlements Fund,* Unreported Judgment ¶¶ 172-75 (Cayman Grand Ct., Oct. 15, 2020) (Exhibit 14 hereto).

D.    **Procedure and Evidence**

25.    Whether grounds for winding up (or other relief) have been established is a factual question for the Grand Court, based on an evaluation of all the evidence and, where appropriate, the cross-examination of witnesses in respect of their evidence to the court. The granting of relief itself is a matter for the court's discretion. There is no fixed procedure for the hearing of a just and equitable winding up petition. In this regard, the Cayman Islands Court of Appeal has held that the procedures of the court must be "adapted so that the issues of fact can be resolved in the petition."[13]

E.    **The Materials Being Sought in this Application**

26.    I understand that this application seeks depositions and documentary discovery from Research Center on Natural Conservation, Inc. ("RCNC"), New York Military Academy ("NYMA"), Wall Street Global Training Center, Inc. ("WSGT"), Best Work Holdings (New York) LLC and Ms. Jing Cao. Each of the corporate entities has been engaged in transactions mentioned in the Cayman Amended Petition. Ms. Cao is an officer of at least two of these entities (RCNC and NYMA) and is the spouse of Mr. Mo. As noted in paragraph 7 above (and as mentioned in the Cayman Amended Petition), Mr. Mo and his family control over 70% of voting equity, held through various entities.

27.    I believe that such discovery is potentially relevant to the allegations in the Cayman Amended Petition. Materials and evidence thus obtained can be used in the Fang J&E Winding Up Proceeding. The Grand Court has the power to receive and evaluate documents produced under

---

[13] *See Tianrui* [2019] 1 CILR 481, 505 (Cayman Islands Ct. App. Apr. 5, 2019) (Exhibit 15 hereto).

subpoena and determine whether they should be admitted as evidence. The Grand Court also has the power to receive and evaluate transcripts of deposition testimony given under oath by knowledgeable witnesses, and to determine the use to which such testimony could be put in proceedings before it.[14]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at George Town, Grand Cayman, on November 18, 2020

_____
FLEUR ELIZABETH O'DRISCOLL

---

[14] *Lyxor Asset Management S.A. v. Phoenix Meridian Equity Ltd.* [2009] CILR 553 ¶ 49 (Cayman Islands Ct. App. Sept. 24, 2009) (Exhibit 16 hereto).