# EXHIBIT 5

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| In re Application of<br>EVENSTAR MASTER FUND SPC, for and<br>on behalf of EVENSTAR MASTER<br>SUB-FUND I SEGREGATED PORTFOLIO<br>and EVENSTAR SPECIAL SITUATIONS LIMITED<br>For an Order to Take Discovery Pursuant to 28 U.S.C. § 1782<br>For Use in a Foreign Proceeding | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Best Work Holdings LLC

To: _____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Schedule A

| Place: Skadden, Arps, Slate, Meagher & Flom LLP<br>One Manhattan West,<br>New York, New York 10001 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   EVENSTAR
MASTER FUND SPC and EVENSTAR SPECIAL SITUATIONS LTD   , who issues or requests this subpoena, are:
Timothy G. Nelson & Eva Y. Chan; Skadden, Arps, Slate, Meagher & Flom LLP; One Manhattan West, New York, NY 10001; eva.chan@skadden.com, (212) 735-3316

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                        *Server's signature*

                                      _____
                                                        *Printed name and title*

                                      _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**I.**
**DEFINITIONS AND INSTRUCTIONS**

**A.**    **Definitions**

1.      "72 Wall Street" means the property located at 72 Wall Street, New York, NY 10005, its building, and its subdivisions, including the subdivision designated as 73 Pine Street.

2.      "Ateefa" means Ateefa Limited and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

3.      "Best Work NY" means Best Work Holdings (New York) LLC, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

4.      "Deanhale" means Deanhale Limited, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

5.      "Fang" means Fang Holdings Limited, formerly known as SouFun Holding Limited, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

6.      "FEIB" means Far Eastern International Bank, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners,

employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

7.     "Karistone" means Karistone Limited, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

8.     "The KM & KM Trust" means the trust so named, established under the laws of Singapore, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

9.     "The MC Trust" means the trust so named, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

10.     "Media Partner" means Media Partner Technology Limited, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

11.     "Mo Entities" means any entities owned or controlled by Mr. Vincent Tianquan Mo or his family, including but not limited to the Upsky Entities, Next Decade Investments Limited, Media Partner Technology Limited, Deanhale Limited, Ateefa, Karistone, Open Land, The KM & K&M Trust, The MC Trust, RCNC, NYMA, and any of their respective past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors,

2

partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

12.     "Mo Family Member" means Vincent Mo, Jing Cao, Katherine Mo, or any parent, grandparent, child, spouse, grandchild, sibling, sibling-in-law, cousin, uncle, aunt, nephew or niece of the foregoing, and/or any trust whose possible beneficiaries include any of the foregoing.

13.     "NYMA" means both the non-profit chartered educational institution named New York Military Academy, located at 78 Academy Avenue, Cornwall-on-Hudson, New York 12520, including the school and campus at that location.

14.     "Next Decade" means Next Decade Investments Limited, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

15.     "Open Land" means Open Land Holdings Limited, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

16.     "Petitioners" means Evenstar Master Fund SPC, for and on behalf of Evenstar Master Sub-Fund I Segregated Portfolio, and Evenstar Special Situations Limited.

17.     "RCNC" means Research Center on Natural Conservation, Inc., and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

3

18.     "Safari Group" means Safari Group Holdings Limited, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

19.     "Sahn Eagle" means Sahn Eagle LLC, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.

20.     "Upsky Enterprises" means Upsky Enterprises Limited, and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them.  For the avoidance of doubt, Upsky Enterprises includes, but is not limited to, each of the companies defined as an "Upsky Entity."

21.     "Upsky Entities" means each and all of Upsky Enterprises and the below-listed entities, any of their respective past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them:

(a)     Upsky Hotel Management (DE) Ltd;

(b)     Upsky International;

(c)     Upsky International Holdings (CA) Ltd;

(d)     Upsky International Holdings (DE);

(e)     Upsky Lighthouse Hotel LLC;

(f)     Upsky Long Island Hotel LLC;

(g)     Upsky Long Island Hotel Management LLC;

(h)     Upsky San Francisco Airport Hotel LLC;

(i)     Upsky US Hotel Management (DE); and

(j)     Upsky US Holdings.

22.     "WSGTC" means:

(a)     Wall Street Global Training Center Inc., and any of its past or present subsidiaries, predecessors, affiliates, investment vehicles, members, officers, directors, partners, employees, agents, representatives and attorneys, and all other persons acting or purporting to act, directly or indirectly on behalf of any of them; and

(b)     all other persons or entities operating or administering the "Wall Street Global Training Center," or holding themselves out as doing so.

23.     The terms "all" or "any" mean "any and all."

24.     The terms "and" and "or" shall be construed to be both disjunctive and conjunctive, as necessary, in order to give these production requests their broadest reading.

25.     The term "and/or" shall be construed as meaning both "and" and "or."

26.     The term "communication" is used herein in the broad sense and includes, but is not limited to, any and all conversations, meetings, discussions and any other occasion for verbal exchange, whether in person or by telephone, as well as all letters, emails, memoranda, telegrams, cables and other writings or documents.  For the avoidance of doubt, any person receiving a "cc," "bcc" or "forward" copy of a communication is a party to that communication for all purposes.

27.     The term "concerning" means relating to, pertaining to, referring to, describing, evidencing and/or constituting.

28.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(1), including, without limitation, original and non-identical copies, whether by reason of marginal notes, attachments or other notes or alterations, and means, without limitation, the following items, whether printed, recorded, contained in a computer database or disk, reproduced by any other mechanical, magnetic or electronic process or handwritten: agreements, contracts, specifications, conditions, addenda, exhibits, communications, state, federal and local governmental hearings and reports, correspondence, telegraphs, or telegrams, cables, electronic mail, telexes, telecopies, memoranda, records, books, summaries or records of personal conversations or interviews, diaries, calendars, daytimers, graphs, charts, maps, diagrams, reports, pictures, recordings, tapes, accounts, analytical records, summaries, records or notes of meetings or conferences, memoranda, bills, statements, working papers, records or notes of telephone calls or negotiations, appraisals, photographs, motion picture films, brochures, pamphlets, bulletins, advertisements, circulars, advertising literature, press releases, drafts, letters, projections, securities, ledgers, checks (front and backs), check stubs, receipts, videotapes and other papers or writings of any character or description.  The term "document" also includes, but is not limited to, any information contained in any computer or information retrieval devices, and any marginal comments appearing on or affixed to any document and other writings.

29.     The term "including" means "including but not limited to."

30.     The term "representative" includes, with respect to a person or entity, both collectively and individually, each and every present and former director, officer, partner, employee, agent, independent consultant, investment advisor, or expert or other person (including attorneys) acting or purporting to act on behalf of the person or entity.

31.     The term "person" includes natural persons, corporations, limited liability companies, limited duration companies, limited partnerships, general partnerships, joint ventures, unincorporated associations, labor unions, trusts, governmental entities and all other legal entities.

32.     The terms "pertaining to," "refer to" or "relate to" shall mean constituting, referring, defining, concerning, embodying, reflecting, identifying, stating, dealing with or in any way pertaining to.

33.     The term "you" and "your" means the party to whom this subpoena is directed.

34.     In construing this subpoena:

(a)     The plural includes the singular and vice versa.

(b)     the masculine includes the feminine and neuter genders; and

(c)     the past tense includes the present tense where the clear meaning is not destroyed by the change in tense.

**B.**     **Instructions**

1.     This Subpoena shall be deemed to require the production of all documents to the full extent authorized by the Federal Rules of Civil Procedure and shall be deemed continuing in nature so as to require further and supplemental production if additional responsive information is received or generated between the date hereof and the time of final production.

2.     In responding to these requests, the Company shall produce all responsive documents that are in the Company's possession, custody, or control or in the possession, custody, or control of the Company's agents, attorneys, accountants or other representatives.  A document shall be deemed to be within the Company's control if the Company has the right to secure the documents or a copy of the documents from another person having possession or custody of the document.

3.      This subpoena seeks production of each document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each document. Documents are to be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in this Subpoena.

4.      Where a claim of privilege, work product or other ground of nonproduction is asserted, a list is to be furnished at the time that documents are produced identifying each of the withheld documents ("List of Privileged Documents"), including the following information as to each item:

(a)      type of document (e.g., letter, memorandum, etc.);

(b)      general subject matter of the document;

(c)      date of document;

(d)      such other information as is sufficient to identify the document, including author, recipient, sender, indicated or blind copies, number of pages, and the paragraph of this Subpoena to which such document relates; and

(e)       a statement of the ground or grounds upon which each such document is considered to be privileged from production.

5.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest of the document shall be produced conspicuously bearing the legend "REDACTED."

6.      If any document was, but no longer is, in your possession or subject to your control, custody or possession, state what disposition was made of it, by whom, the date or dates of such disposition, and the reasons for such disposition.

7.      If any document called for herein was at one time in existence, but has been lost, discarded or destroyed, identify each such document and provide the following information with respect to each such document:

      (a)      the date or approximate date it was lost, discarded or destroyed;

      (b)      the circumstances and manner in which it was lost, discarded or destroyed;

      (c)      the reason or reasons for disposing of the document (if discarded or destroyed);

      (d)      the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

      (e)      the identity of the person(s) who lost, discarded or destroyed the document; and

      (f)      the identity of all persons having knowledge of the contents thereof.

8.      Where an objection is made to any document request, the objection shall state with specificity all grounds.  Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

9.      Unless otherwise specified, these document requests shall cover the period from the date of Best Work NY's incorporation through the present.

## II.
## DOCUMENTS REQUESTED

1.      All documents concerning the negotiation, conduct and completion of the purchase of 72 Wall Street, including but not limited to:

      (a)      complete copies of the legal documentation and contracts concerning said purchase, including the December 23, 2010 Purchase and Sale Agreement between Fang and Sahn Eagle for a portion of 72 Wall Street and the subsequent purchase in 2011 of remaining/adjoining properties;

      (b)      all documents concerning communications regarding or discussing the negotiation of the purchase of any parcel of 72 Wall Street, including any discussions with representatives of Youngwoo and/or Sahn Eagle;

(c)     all documents concerning the negotiation of any assignment of rights from Fang to Best Work NY in connection with the purchase of 72 Wall Street; and

(d)     all documents concerning any negotiations or transactions with Kumho Investment Bank in connection with the acquisition of 72 Wall Street.

2.      All documents comprising or constituting any contract or agreement (whether formal or informal, written or oral) between Best Work NY and:

(a)     WSGTC;

(b)     any Mo Entity; and/or

(c)     any Mo Family member;

3.      All documents comprising or constituting any understandings or arrangements (whether or not legally binding) involving any payment by Best Work NY to:

(a)     WSGTC;

(b)     Mo Entity; and/or

(c)     any Mo Family Member.

4.      All documents memorializing any payment from Best Work NY or any other Fang affiliate to WSGTC, any Mo Entity and/or any Mo Family Member, including in each case:

(a)     all records of the invoices or payment requests; and

(b)     all records of the payment, including bank statements, check/electronic funds transfer records, credits or other remittances.

5.      Without limiting the generality of Items 2, 3 and 4, all documents memorializing any contract, agreement, arrangement or understanding concerning the provision of training services by WSGTC, including services provided to Best Work NY, any Fang affiliate, any Mo Entity and/or Mo Family Member.

6.      All documents concerning the negotiation, establishment or conduct of:

(a)      the "Wall Street Training Center";

(b)      the SouFun Business School;

(c)      the Fang Business School; and/or

(d)      any internal training programs for Fang.

7.      Without limiting the generality of item 5, documents sufficient to show:

(a)      the number and identity of participants in any training program at or involving 72 Wall Street at any time since December 2010;

(b)      the title and duration of the training program; and

(c)      the individuals or entities responsible for conducting the program and/or acting as instructors in such program.

8.      All documents concerning the establishment of 72 Wall Street as an office for

Fang since 2011, including all contracts or arrangements for the use of 72 Wall Street by Fang as

office space, plus documents sufficient to show:

(a)      the job title and identity of officers, directors and employees of Fang (if any) using 72 Wall street as an office since 2011;

(b)      the departments and/or business units of Fang (if any) that have used 72 Wall Street since 2011;

(c)      all payments since 2011 to Best Work NY for the use by Fang of 72 Wall Street, and the amount of such payments.

9.      All documents concerning the wind-down, closure or cessation of training

activities at 72 Wall Street, and/or any rationale for altering the use of 72 Wall Street.

10.      All documents concerning the renovation or conversion of 72 Wall Street,

including but not limited to the development of 72 Wall Street into a hotel, motel and/or

residential facility, including but not limited to:

(a)      all documents concerning any scheme or plan to convert 72 Wall Street into a hotel/concerning the permit application before the New York City Department of Buildings seeking to convert 72 Wall Street into a hotel; and

11

(b)     all documents concerning the commissioning of architects, including Greenberg Farrow Architecture and Mojo Stumer Associates, for any such renovation or conversion; and

(c)     all documents concerning the leasing of residential or commercial units in 72 Wall Street.

11.     All documents, concerning the establishment of any group of persons, or any organization, known as the "72 Wall Street Board," including in each case documents sufficient to show the membership of any "72 Wall Street Board since December 2010.

12.     All documents concerning the negotiation or operation of any loan and/or mortgage transactions involving Best Work NY and/or 72 Wall Street, including but not limited to:

(a)     All documents concerning any and all transactions with FEIB, including any guarantee furnished by Best Work NY to FEIB concerning any loan; and

(b)     all documents concerning the use of monies furnished under any loan facility guaranteed by Best Work NY;

13.     Without limiting the generality of Items 2 and 3, all documents concerning negotiations, agreements or arrangements with any Upsky Entity, Mo Entity and/or Mo Family Member involving the past, current or future use of 72 Wall Street, including but not limited to any arrangement concerning a hotel, motel or residential facility at 72 Wall Street.

14.     Documents sufficient to show the names and contact information of any past and present directors or officers of Best Work NY since 2011.

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | |
|---|---|
| In re Application of<br>EVENSTAR MASTER FUND SPC, for and<br>on behalf of EVENSTAR MASTER<br>SUB-FUND I SEGREGATED PORTFOLIO<br>and EVENSTAR SPECIAL SITUATIONS LIMITED<br>For an Order to Take Discovery Pursuant to 28 U.S.C. § 1782<br>For Use in a Foreign Proceeding | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     Best Work Holding LLC

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A

| Place:   Skadden, Arps, Slate, Meagher & Flom LLP<br>One Manhattan West<br>New York, NY, 10001 | Date and Time: |
|---|---|

The deposition will be recorded by this method:    video & audio recording

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|               *CLERK OF COURT* | |
|---|---|
| | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Evenstar Master Sub Fund SPC and Evenstar Special Situations Limited , who issues or requests this subpoena, are:

Timothy G. Nelson & Eva Chan, One Manhattan West, New York, NY 10001, eva.chan@skadden.com (212) 735-3316

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

1.      The purchase of 72 Wall Street.

2.      The use of 72 Wall Street since its purchase, including any training conducted at 72 Wall
        Street.

3.      All transactions involving Wall Street Global Training Center, Inc. ("WSGTC"), as well
        as the extent of any payments made to WSGTC, or any agent or representative thereof.

4.      The SouFun Management School.

5.      Any refurnishing at 72 Wall Street and its purpose.

6.      Best Work's application submitted to the NYC Department of Buildings on October 27,
        2016, with an estimated total cost of $ 19.5 million, proposing "alteration type I for the
        conversion of an existing 18 story commercial building into a hotel with accessory
        offices and retail spaces."

7.      The $60 million mortgage entered into on October 2, 2018 with Far Eastern International
        Bank Co., secured against 72 Wall Street, its surrounding transactions, and any associated
        loans.

8.      The use and destination of any monies lent to Best Work NY and/or secured by
        mortgages or other collateral furnished by Best Work NY.

9.      All transactions involving Best Work and any of the following: (a) Vincent Mo; (b) any
        companies owned or controlled by Mr. Mo and/or his family; (c) Upsky Enterprises
        Limited or any affiliate thereof, including Upsky International Holding, Upsky
        Lighthouse Hotel LLC, Upsky Long Island Hotel LLC, Upsky Long Island Holel
        Management LLC or Upsky Long Island Hotel LLC; and/or (d) Next Decade Investments
        Limited, Media Partner Technology Limited, Deanhale Limited, Ateefa Limited,
        Karistone Limited, Open Land Holdings Limited, The KM & K&M Trust and/or The MC
        Trust.