UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN RE APPLICATION OF EVENSTAR MASTER :  20-MC-418 (CS)
FUND SPC for and on behalf of EVENSTAR MASTER :
SUB-FUND I SEGREGATED PORTFOLIO and : ORDER
EVENSTAR SPECIAL SITUATIONS LIMITED :
FOR AN ORDER SEEKING DISCOVERY X
PURSUANT TO 28 U.S.C. § 1782.

------------------------------------------------------------------
CATHY SEIBEL, United States District Judge:

     Evenstar Master Fund SPC, for and on behalf of Evenstar Master Sub-Fund I Segregated Portfolio, and Evenstar Special Situation Limited ("Applicants") bring this application pursuant to 28 U.S.C. § 1782 for an order authorizing discovery from Ms. Jing Cao, the Research Center on Natural Conservation, the New York Military Academy, the Wall Street Global Training Center and Best Work Holdings LLC (collectively, the "Respondents") by means of subpoenas served pursuant to Rule 45 of the Federal Rules of Civil Procedure. Having considered Applicants' submissions, the Court concludes – without prejudice to the timely filing of a motion to quash any of the subpoenas and, in the event such a motion is filed, subject to reconsideration – that Section 1782's statutory requirements are met and that the so-called *Intel* factors favor granting the application. *See, e.g., Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

     Accordingly, the application is GRANTED. Applicants' U.S. counsel, Skadden, Arps, Slate, Meagher & Flom LLP, is authorized to serve the subpoenas attached as Exhibits 2 through 6 to the Declaration of Eva Y. Chan, (Doc. 4), on the respective Respondents named therein, together with a copy of this Order, no later than December 30, 2020. No later than December 30, 2020, and *before* serving the subpoenas on Respondents, Applicants shall provide actual notice and courtesy copies of the subpoenas, application, and supporting documents, together with a copy of this Order,

to the parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's counsel is unknown, by service on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute.") (internal quotation marks omitted). Applicants shall promptly file proof of such service on ECF.

Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Court's Local Rules, and this Court's Individual Practices. If the parties believe that a protective order is appropriate or necessary, they shall file a joint proposed protective order on ECF, mindful that the Court will strike or modify any provision that purports to authorize the parties to file documents under seal without Court approval. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In the event of any dispute concerning any subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

The Clerk of Court is directed to terminate Docket No. 1and to close the case.

SO ORDERED.

Dated: November 30, 2020
White Plains, New York

_____
CATHY SEIBEL
United States District Judge